ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 FEB -3  AM 8: 49

CLERK _____
SO. DIST. OF GA.

DAMION CHRISTOPHER MUDAHY,       )
                                 )
          Plaintiff,             )
                                 )
     v.                          )        CV 305-149
                                 )
MCRAE CORRECTIONAL FACILITY,     )
et al.,                          )
                                 )
          Defendants.            )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff has filed a complaint under Title 42, United States Code, Sections 2000cc-1-5. The Court allowed plaintiff to proceed *in forma pauperis*, and his complaint accordingly must be screened before process is served on defendants.  Pleadings drafted by pro se litigants must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  For the following reasons, the Court recommends that plaintiff's complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

## I. BACKGROUND

Plaintiff, an inmate at McRae Correctional Facility, alleges that defendants have deprived him of his right to free practice of religion.  His specific allegations include the inability to hold a Muslim prayer service at the time prescribed by the Koran, that he is not

allowed to receive donations from the Muslim community, the refusal of defendants to provide various "necessities" of Muslim religious practice, the "refusal to grant [the] special religious celebration of Eid Al Adh'ha," that the sixty-day waiting period for obtaining a Kosher meal card violates his religious rights, that the lack of a restroom in the prison chaplain facility deprives him of his religious rights, and that cold meals provided during Ramadan amount to a violation of his religious rights. Compl. at 5.

## II. DISCUSSION

Under Title 42, United States Code, Section 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues." Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)); see also Moore v. Smith, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that prisoner lawsuit in which denial of grievance was not appealed must be dismissed under Section 1997e).

In this case, plaintiff presents no evidence to indicate that he has exhausted his administrative remedies. He does attach to his complaint a response to a grievance from Warden Michael Pugh, but the response was issued to, and presumably the grievance

2

therefore was filed by, a prisoner named Vincent Williams, not plaintiff. The grievance response also does not address all of the arguments raised in the instant complaint.[1] Plaintiff does not allege in his complaint that he personally has exhausted his remedies with regard to the claims raised in his complaint, nor does he allege that any appeal of a grievance was filed.[2] His complaint therefore should be dismissed for lack of exhaustion.

## III. CONCLUSION

It appears, from the face of plaintiff's complaint, that he has not exhausted his administrative remedies in this case. Accordingly, the Court recommends that the complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 3rd day of February 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] For example, claims regarding the refusal to allow a prayer service, the Kosher meal cards, the restroom in the chaplain facility, and the cold meals during Ramadan apparently were not raised in the grievance to which Warden Pugh responded.

[2] Plaintiff did not utilize the prison forms available for complaints filed under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

3